UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Lee Gilbertson,

Plaintiff,

v.

United States Postal Service,

Defendant.

Civ. File No. 01-1321 (MJD/SRN)

**ORDER**

**BACKGROUND**

This matter is before the Court on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. In the underlying complaint, Plaintiff seeks to recover injuries for which he claims to have sustained as a result of a motor vehicle accident with federal employee Beverly Vought, a rural carrier for the Postal Service at the time of the collision. Vought was killed as a result of the accident. The Court set the matter for hearing on December 14, 2001. Neither Plaintiff nor his attorney appeared for hearing.

**DISCUSSION**

1. Motion to Remand

On July 20, 2001, Defendant removed this matter to federal court on the basis of federal question jurisdiction. (See Clerk Doc. No. 1.) Plaintiff has identified no cognizable reason why removal was improper or remand is necessary. Accordingly, the Court denies Plaintiff's motion.

DEC 17 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 17 2001
DEPUTY CLERK

2. Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)(citation omitted). A motion to dismiss may be granted when no relief could be granted under any set of facts that could be proven, consistent with the allegations of the complaint. Id. at 1488.

Defendant asserts that Plaintiff has failed to meet the administrative prerequisites to filing a claim against the government pursuant to the Federal Tort Claims Act ("FTCA"). Under the FTCA, an injured party is required to present an administrative claim to the appropriate federal agency for a certain dollar amount, and that agency must be given an opportunity to act on that claim before the injured party is authorized to bring suit. 28 U.S.C. sec. 2675(a).

Plaintiff argues that the Government received "constructive notice" of his claim when he sent a state court summons and complaint to Western National Insurance Company ("WNIC"), the employee insurance company of the deceased.

The Government argues that WNIC is not an agent for receiving service of administrative claims against the Government, and the filing of a state court complaint does not satisfy FTCA's administrative prerequisites. The Court agrees, and therefore, grants Defendant's motion.

**CONCLUSION**

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand (Clerk Doc. No. 11) is **DENIED**; and

2. Defendant's Motion to Dismiss (Clerk Doc. No.13) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: Dec. 17, 2001

Michael J. Davis
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.